# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| UROGYNECOLOGY SPECIALIST OF FLORIDA LLC, | ) ) ) ) NO.: 6:20-cv-1174-Orl-22EJK ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| SENTINEL INSURANCE COMPANY, LTD., | |
| Defendant. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO PLAINTIFF'S COMPLAINT

Defendant Sentinel Insurance Company, Ltd. ("Sentinel" or "Defendant"), by and through its counsel, hereby answers and responds to Urogynecology Specialist of Florida LLC's ("Plaintiff's") Complaint ("Complaint").

## JURISDICTION AND VENUE[1]

1. Upon information and belief, Sentinel admits the allegations of Paragraph 1.

2. Sentinel admits that it issued the insurance policy that is the subject of this lawsuit to Plaintiff in Florida. Sentinel denies the remaining allegations in Paragraph 2.

3. Sentinel admits that it is licensed to transact insurance business in Florida and that it issued the insurance policy that is the subject of this lawsuit to Plaintiff in Florida. Sentinel denies the remain allegations in Paragraph 3.

---

[1] For ease of reference, this Answer uses the headings and subheadings that Plaintiff included in its Complaint. The use of such headings is not an admission by Sentinel of the truth of any allegations contained in the headings or subheadings. Sentinel denies any suggestions implied by the headings and subheadings.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Sentinel admits that the United States District Court for the Middle District of Florida is the proper Court to which this lawsuit was to be removed.

5. Paragraph 5 is a declarative statement of the relief sought by Plaintiff. To the extent a response is required, Sentinel admits that Plaintiff seeks breach of contract damages, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel.

6. Paragraph 6 is a declarative statement of the relief sought by Plaintiff. To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel. Sentinel further admits that the United States District Court for the Middle District of Florida is the proper Court to which this lawsuit was to be removed.

## NATURE OF THE ACTION

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel admits that Plaintiff seeks breach of contract damages, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel. Sentinel denies the remaining allegations in Paragraph 7.

8. Paragraph 8 is a declarative statement of the relief sought by Plaintiff. To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel.

9. Sentinel admits that it issued a policy of insurance to Plaintiff. The terms of that policy speak for themselves. To the extent the allegations in Paragraph 9 are inconsistent with the terms, conditions, and exclusions of the policy, Sentinel denies the same. Sentinel denies the remaining allegations of Paragraph 9.

10. Sentinel admits that it issued a Spectrum® Business Owner's Insurance Policy, numbered 21 SBA BX5636 (the "Policy") to Plaintiff, and Plaintiff is a named insured under the Policy. Sentinel admits that is in possession of a true and correct copy of the Policy, a copy of which has previously been provided to the Court..

11. Sentinel admits the allegations of Paragraph 11.

12. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 12 are inconsistent with the terms, conditions, and exclusions of the Policy, Sentinel denies them.

13. Sentinel admits that the SARS-CoV-2 virus which causes the disease COVID-19 caused a pandemic in the United States beginning on or about March 2020. The remaining allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the remaining allegations in Paragraph 13. The terms, conditions, and exclusions of the Policy speak for themselves.

14. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 14 are inconsistent with the terms, conditions, and exclusions of the Policy, Sentinel denies the same. Sentinel denies the remaining allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 15. The terms, conditions, and exclusions of the Policy speak for themselves.

**COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT**

16. Sentinel restates and incorporates by reference Sentinel's responses to Paragraphs 1-15 as if fully set forth herein.

17. Paragraph 17 is a declarative statement of the relief sought by Plaintiff. To the extent a response is required, Sentinel admits that Plaintiff seeks breach of contract damages, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel.

18. Sentinel admits that Plaintiff is a named insured under the Policy and the Policy was in effect by its terms for the period of June 19, 2019 through June 19, 2020. Sentinel further admits that it is in possession of a copy of the Policy and that Sentinel was not prejudiced by the failure to attach a copy of the Policy to the Complaint. The remaining allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the remaining allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 19. The terms, conditions, and exclusions of the Policy speak for themselves.

20. Sentinel admits that Plaintiff notified Sentinel of its alleged loss on or about March 18, 2020. The remaining allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the remaining allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 21. The terms, conditions, and exclusions of the Policy speak for themselves.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 22. The terms, conditions, and exclusions of the Policy speak for themselves.

23. Sentinel admits that it properly denied Plaintiff's claim because the Policy does not provide coverage for Plaintiff's losses. Sentinel denies the remaining allegations in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel states that it properly denied Plaintiff's claim because the Policy does not provide coverage for Plaintiff's losses. Sentinel denies the remaining allegations in Paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 25.

26. Sentinel denies that it breached the Policy. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 26, and therefore denies the same.

27. The allegations in Paragraph 27 are not directed at Sentinel and therefore no response is required. To the extent a response is required, Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the allegations in Paragraph 27, and therefore denies the same.

28. Paragraph 28 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 28.

The "Wherefore" clause contains a declarative description of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Sentinel denies the allegations. Sentinel denies that Plaintiff is entitled to any relief from Sentinel.

## COUNT II – DECLARATORY JUDGMENT

29. Sentinel restates and incorporates by reference Sentinel's responses to Paragraphs 1-28 as if fully set forth herein.

30. Paragraph 30 contains a declarative statement of the relief sought by Plaintiff. To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff is entitled to any relief from Sentinel.

31. The allegations in Paragraph 31 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff is entitled to any relief from Sentinel. Sentinel denies the remaining allegations in Paragraph 31. The terms, conditions, and exclusions of the Policy speak for themselves.

32. Sentinel admits the allegations in Paragraph 32.

33. Sentinel admits that Governor DeSantis issued Executive Order No. 20-72 on or about March 20, 2020, the terms of which speak for themselves. To the extent the allegations in Paragraph 33 are inconsistent with the terms of the order, Sentinel denies the same.

34. Sentinel admits that Governor DeSantis issued Executive Order No. 20-72 on or about March 20, 2020, the terms of which speak for themselves. To the extent the allegations in Paragraph 34 are inconsistent with the terms of the order, Sentinel denies the same.

35. Upon information and belief, Sentinel admits that Plaintiff's business is a gynecology practice. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 35, and therefore denies the same.

36. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 36 are inconsistent with the terms of the Policy, Sentinel denies them.

37. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 37 are inconsistent with the terms of the Policy, Sentinel denies them.

38. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 38 are inconsistent with the terms of the Policy, Sentinel denies them.

39. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 39 are inconsistent with the terms of the Policy, Sentinel denies them.

40. Sentinel admits that it received Plaintiff's claim for business interruption losses arising from the COVID-19 pandemic on or about March 18, 2020. Sentinel denies the remaining allegations in Paragraph 40.

41. Sentinel admits the allegations in Paragraph 41.

42. The allegations in Paragraph 42 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel denies that Plaintiff suffered a direct physical loss and denies the remaining allegations in Paragraph 42.

43. The allegations in Paragraph 43 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies the remaining allegations in Paragraph 43.

44. The allegations in Paragraph 44 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 44.

The "Wherefore" clause and subparagraphs that follow contain a declarative description of the relief sought by Plaintiff to which no response is required. To the extent a response is

required, Sentinel denies the allegations. Sentinel denies that Plaintiff is entitled to any relief from Sentinel.

## SENTINEL'S AFFIRMATIVE DEFENSES

Sentinel asserts the following affirmative defenses and reserves all rights to amend or supplement these defenses when and if amended or additional defenses become appropriate and/or available in this action. The statement of any defense herein does not assume the burden of proof for any issue to which the applicable law places the burden of proof on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
(Failure to state a claim)

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Virus-Exclusion)

The Policy contains an exclusion titled "'Fungi', Wet Rot, Dry Rot, Bacteria and Virus." Form SS 40 93 07 05 at 1. Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the 'Fungi', Wet Rot, Dry Rot, Bacteria and Virus exclusion.

### THIRD AFFIRMATIVE DEFENSE
(Virus Limited Additional Coverage)

The Policy contains a provision titled "Limited Coverage For 'Fungi', Wet Rot, Dry Rot, Bacteria and Virus." Form SS 40 93 07 05 at 2-3. Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/or sub-limits applicable to the Limited Coverage for "Fungi", Wet Rot, Dry Rot, Bacteria and Virus provision.

### FOURTH AFFIRMATIVE DEFENSE
(Comparative fault, waiver, estoppel, and unclean hands)

Plaintiff's claims may be barred or limited, in whole or in part, by the doctrines of comparative fault, waiver, estoppel, and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
(Merger clause)

The Policy is the sole agreement between the parties, and Defendant did not breach any Policy terms or conditions.

### SIXTH AFFIRMATIVE DEFENSE
(Terms of the Policy are controlling)

Defendant's obligations in the Policy are defined, limited, and controlled by the terms and conditions of the Policy, including, but not limited to, the coverages, limits, sub-limits, exclusions, endorsements, conditions, and all other terms set forth therein.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to comply with Policy)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent that Plaintiff failed to perform its obligations under the Policy.

### EIGHTH AFFIRMATIVE DEFENSE
(Losses not covered by Policy)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent Plaintiff seeks relief for damages or losses not covered by the Policy.

### NINTH AFFIRMATIVE DEFENSE
(Two or More Coverages)

The Policy contains a General Condition titled "Insurance Under Two Or More Coverages." Form SS 00 05 10 08 at 2. Plaintiff's claims may be limited, in whole or in part, to

the extent the Insurance Under Two Or More Coverages provision is applicable to the loss or damage.

## TENTH AFFIRMATIVE DEFENSE
(Other insurance)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent other insurance or contributing insurance is applicable to the alleged loss or damage.

## ELEVENTH AFFIRMATIVE DEFENSE
(Failure to exhaust other insurance coverage)

Plaintiff's claims may be barred or limited, in whole or in part, because Plaintiff has not demonstrated exhaustion of coverage for losses under other more specific insurance policies.

## TWELFTH AFFIRMATIVE DEFENSE
(Deductibles, Sub-limits)

Plaintiff's claims may be barred or limited, in whole or in part, by applicable deductibles, retentions, and/or limits and sub-limits (including per occurrence limits) contained in the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Outside Period of Restoration)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent Plaintiff seeks to recover for loss incurred outside the Period of Restoration.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Law or public policy)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent coverage is excluded by express provisions of law or public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Conditions precedent and subsequent)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent that conditions precedent and subsequent to the availability of insurance coverage under the Policy have not been satisfied.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Offset)

Defendant's obligation to Plaintiff, if any, is subject to offset for recoveries by Plaintiff from other persons or entities.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Valuation Clause)

Plaintiff's claims may be limited, in whole or in part, by the valuation provisions in the Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(No "direct physical loss")

Plaintiff's claims may be barred or limited, in whole or in part, to the extent there is no direct physical loss of or direct physical damage to covered property.

## NINETEENTH AFFIRMATIVE DEFENSE
(No "direct physical loss" – Business Interruption)

Plaintiff's claims may be barred or limited, in whole or in part, because the interruption to Plaintiff's business, if any, was not due to the "direct physical loss of or physical damage to Covered Property… caused by or resulting from a Covered Cause of Loss."  Form SS 00 07 07 05 at 10.

## TWENTIETH AFFIRMATIVE DEFENSE
(Covered Cause of Loss)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent Plaintiff cannot demonstrate a Covered Cause of Loss, as defined in the Policy. Form SS 00 07 07 05 at 2.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
(Ordinance or Law-Limits)

The Policy contains an Additional Coverage provision for "Ordinance or Law." Form SS 00 07 07 05 at 7-8. Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/or sub-limits applicable to the Ordinance or Law provision.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
(Pollution Exclusion)

The Policy contains an exclusion titled "Pollution." Form SS 00 07 07 05 at 17-18. Plaintiff's claims may be barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Pollution exclusion.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
(Consequential Losses Exclusion)

The Policy contains an exclusion titled "Consequential Losses." Form SS 00 07 07 05 at 17. Plaintiff's claims may be barred or limited, in whole or in part, to the extent that the alleged loss or damages, if any, are excluded by the Consequential Losses exclusion.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Civil Authority)

The Policy contains an Additional Coverage provision for "Civil Authority." Form SS 00 07 07 05 at 11. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff

cannot satisfy the requirements of the Civil Authority provision that the order of civil authority be issued as the direct result of a Covered Cause of Loss or that access to Plaintiff's premises was prohibited by the order.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Business Income from Dependent Properties-Limits)

The Policy contains an Additional Coverage provision for "Business Income from Dependent Properties." Form SS 00 07 07 05 at 11-12. Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/or sub-limits, if any, applicable to the Business Income from Dependent Properties provision.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Extended Business Income-Limits)

The Policy contains an Additional Coverage provision for "Extended Business Income." Form SS 00 07 07 05 at 11. Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/or sub-limits, if any, applicable to the Extended Business Income provision.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Acts or Decisions-Exclusion)

The Policy contains an exclusion titled "Acts or Decisions." Form SS 00 07 07 05 at 18. Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Acts or Decisions exclusion.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Failure to mitigate)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent that Plaintiff failed to mitigate damages, if any. To the extent Plaintiff failed to take reasonable steps to

mitigate Plaintiff's alleged damages, if any, Plaintiff should be denied any recovery in this action.

TWENTY-NINTH AFFIRMATIVE DEFENSE
(Reservation of future defenses)

Plaintiff's claims may be barred or limited, in whole or in part, by additional defenses that cannot now be articulated because of the generality of the pleadings, and other presently undeveloped information.  Accordingly, Defendant reserves the right to supplement the foregoing defenses as may appear as this case progresses to the full extent permissible by law.

**PRAYER FOR RELIEF**

WHEREFORE, based on the above answers and defenses, Defendant respectfully requests that the Court enter an order:

i. denying Plaintiff the relief sought in the Complaint;

ii. dismissing the Complaint in its entirety with prejudice;

iii. awarding Defendant its costs and expenses, including its attorneys' fees; and

iv. awarding Defendant such other and further relief as the Court deems just and proper.

Dated this 8th day of October 2020.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/    Troy J. Seibert*
**Troy J. Seibert, Esq.**
Florida Bar No.:  84668
Email:  tseibert@butler.legal
400 North Ashley Drive, Suite 2300
Tampa, FL  33602
Telephone:  (813) 594-5811

Sarah D. Gordon
John J. Kavanagh
Caitlin R. Tharp
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-429-8005
Email: sgordon@steptoe.com

*Attorneys for Defendant, Sentinel Insurance Company, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished to:

Imran Malik
Malik Law P.A.
1061 Maitland Center Commons Blvd.
Maitland, FL 32751
Email: pleadings@maliklaw.com
Attorney for Plaintiff

by CM/ECF on October 8, 2020.

*/s/    Troy J. Seibert*
**Troy J. Seibert, Esq.**