UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UROGYNECOLOGY SPECIALIST OF FLORIDA LLC,**

      **Plaintiff,**

v.                                               **Case No:   6:20-cv-1174-Orl-22EJK**

**SENTINEL INSURANCE COMPANY, LTD.,**

      **Defendant.**

_____/

**ORDER**

This cause comes before the Court upon review of the file, including Attorneys Sarah D. Gordon and John J. Kavanagh's admission *pro hac vice* in the instant case. Local Rule 2.02(a) provides that a non-resident attorney may appear *pro hac vice* as long as "such privilege is not abused by appearances in separate cases to such a degree as to constitute the maintenance of a regular practice of law in Florida." The Rules Regulating the Florida Bar provide that "more than 3 appearances within a 365-day period in separate representations shall be presumed to be a 'general practice.'" Rule 1-3.10(a)(2). On July 27, 2020, I granted said attorneys' motion to appear *pro hac vice*, finding that they complied with all the requirements under Local Rule 2.02. (Doc. 15.)

Following their admissions in the instant case, Attorneys Gordon and Kavanagh were admitted *pro hac vice* in two other cases in this District and several more cases in district courts across Florida. However, when they moved to appear *pro hac vice* in a fourth case in this District, both attorneys, under penalty of perjury, indicated that they had not made "frequent or regular

appearances in separate cases to such a degree as to constitute the maintenance of a regular practice of law in the State of Florida." *See Croton Chiropractic Clinic*, *P.A. Health Source v. Twin City Fire Ins. Co.*, Case No. 6:20-cv-1701, slip op. at 2 (M.D. Fla. Nov. 2, 2020). Upon discovery of Attorneys Gordon and Kavanagh's misrepresentations, I ordered them to show cause why sanctions should not issue. *Id.* Upon review of Attorneys Gordon's and Kavanagh's responses, I accepted their averments that the misrepresentations were unintentional, but found that they "evince[d] a reckless disregard of the Court's rules and militate[d] against the attorneys' admission to practice before this Court." *Id.* Accordingly, I denied Attorney Gordon's motion to appear *pro hac vice* and revoked Attorney Kavanagh's admission *pro hac vice*. *Id.* at 3.

In light of the attorneys' conduct in *Croton Chiropractic Clinic*, it is hereby **ORDERED** that Attorneys Gordon's and Kavanagh's admissions *pro hac vice* are **REVOKED**.

**DONE** and **ORDERED** in Orlando, Florida on November 3, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Attorney Services Coordinator