UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UROGYNECOLOGY SPECIALIST OF FLORIDA LLC, | )<br>)<br>) NO.: 6:20-cv-1174-Orl-22EJK<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| SENTINEL INSURANCE COMPANY, LTD., | )<br>)<br>) |
| Defendant. | )<br>)<br>)<br>) |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO PLAINTIFF'S COMPLAINT**

Defendant Sentinel Insurance Company, Ltd. ("Sentinel" or "Defendant"), by and through its counsel, hereby amends its affirmative defenses filed on October 8, 2020 (D.E. 28) as follows and answers and responds to Urogynecology Specialist of Florida LLC's ("Plaintiff's") Complaint ("Complaint").

**JURISDICTION AND VENUE[1]**

1. Upon information and belief, Sentinel admits the allegations of Paragraph 1.

2. Sentinel admits that it issued the insurance policy that is the subject of this lawsuit to Plaintiff in Florida. Sentinel denies the remaining allegations in Paragraph 2.

---

[1] For ease of reference, this Answer uses the headings and subheadings that Plaintiff included in its Complaint. The use of such headings is not an admission by Sentinel of the truth of any allegations contained in the headings or subheadings. Sentinel denies any suggestions implied by the headings and subheadings.

1

3. Sentinel admits that it is licensed to transact insurance business in Florida and that it issued the insurance policy that is the subject of this lawsuit to Plaintiff in Florida. Sentinel denies the remain allegations in Paragraph 3.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Sentinel admits that the United States District Court for the Middle District of Florida is the proper Court to which this lawsuit was to be removed.

5. Paragraph 5 is a declarative statement of the relief sought by Plaintiff. To the extent a response is required, Sentinel admits that Plaintiff seeks breach of contract damages, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel.

6. Paragraph 6 is a declarative statement of the relief sought by Plaintiff. To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel. Sentinel further admits that the United States District Court for the Middle District of Florida is the proper Court to which this lawsuit was to be removed.

## NATURE OF THE ACTION

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel admits that Plaintiff seeks breach of contract damages, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel. Sentinel denies the remaining allegations in Paragraph 7.

8. Paragraph 8 is a declarative statement of the relief sought by Plaintiff. To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel.

9. Sentinel admits that it issued a policy of insurance to Plaintiff. The terms of that policy speak for themselves. To the extent the allegations in Paragraph 9 are inconsistent with the terms, conditions, and exclusions of the policy, Sentinel denies the same. Sentinel denies the remaining allegations of Paragraph 9.

10. Sentinel admits that it issued a Spectrum® Business Owner's Insurance Policy, numbered 21 SBA BX5636 (the "Policy") to Plaintiff, and Plaintiff is a named insured under the Policy. Sentinel admits that is in possession of a true and correct copy of the Policy, a copy of which has previously been provided to the Court..

11. Sentinel admits the allegations of Paragraph 11.

12. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 12 are inconsistent with the terms, conditions, and exclusions of the Policy, Sentinel denies them.

13. Sentinel admits that the SARS-CoV-2 virus which causes the disease COVID-19 caused a pandemic in the United States beginning on or about March 2020. The remaining allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the remaining allegations in Paragraph 13. The terms, conditions, and exclusions of the Policy speak for themselves.

14. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 14 are inconsistent with the terms, conditions, and exclusions of the Policy, Sentinel denies the same. Sentinel denies the remaining allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 15. The terms, conditions, and exclusions of the Policy speak for themselves.

## COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT

16. Sentinel restates and incorporates by reference Sentinel's responses to Paragraphs 1-15 as if fully set forth herein.

17. Paragraph 17 is a declarative statement of the relief sought by Plaintiff. To the extent a response is required, Sentinel admits that Plaintiff seeks breach of contract damages, but denies that Plaintiff is entitled to any relief whatsoever from Sentinel.

18. Sentinel admits that Plaintiff is a named insured under the Policy and the Policy was in effect by its terms for the period of June 19, 2019 through June 19, 2020. Sentinel further admits that it is in possession of a copy of the Policy and that Sentinel was not prejudiced by the failure to attach a copy of the Policy to the Complaint. The remaining allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the remaining allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 19. The terms, conditions, and exclusions of the Policy speak for themselves.

20. Sentinel admits that Plaintiff notified Sentinel of its alleged loss on or about March 18, 2020. The remaining allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the remaining allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 21. The terms, conditions, and exclusions of the Policy speak for themselves.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 22. The terms, conditions, and exclusions of the Policy speak for themselves.

23. Sentinel admits that it properly denied Plaintiff's claim because the Policy does not provide coverage for Plaintiff's losses. Sentinel denies the remaining allegations in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel states that it properly denied Plaintiff's claim because the Policy does not provide coverage for Plaintiff's losses. Sentinel denies the remaining allegations in Paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 25.

26. Sentinel denies that it breached the Policy. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 26, and therefore denies the same.

27. The allegations in Paragraph 27 are not directed at Sentinel and therefore no response is required. To the extent a response is required, Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the allegations in Paragraph 27, and therefore denies the same.

28. Paragraph 28 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 28.

The "Wherefore" clause contains a declarative description of the relief sought by Plaintiff to which no response is required.  To the extent a response is required, Sentinel denies the allegations.  Sentinel denies that Plaintiff is entitled to any relief from Sentinel.

## COUNT II – DECLARATORY JUDGMENT

29. Sentinel restates and incorporates by reference Sentinel's responses to Paragraphs 1-28 as if fully set forth herein.

30. Paragraph 30 contains a declarative statement of the relief sought by Plaintiff.  To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff is entitled to any relief from Sentinel.

31. The allegations in Paragraph 31 contain legal conclusions to which no response is required.  To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies that Plaintiff is entitled to any relief from Sentinel.  Sentinel denies the remaining allegations in Paragraph 31.  The terms, conditions, and exclusions of the Policy speak for themselves.

32. Sentinel admits the allegations in Paragraph 32.

33. Sentinel admits that Governor DeSantis issued Executive Order No. 20-72 on or about March 20, 2020, the terms of which speak for themselves.  To the extent the allegations in Paragraph 33 are inconsistent with the terms of the order, Sentinel denies the same.

34. Sentinel admits that Governor DeSantis issued Executive Order No. 20-72 on or about March 20, 2020, the terms of which speak for themselves.  To the extent the allegations in Paragraph 34 are inconsistent with the terms of the order, Sentinel denies the same.

35. Upon information and belief, Sentinel admits that Plaintiff's business is a gynecology practice. Sentinel is without knowledge or information sufficient to form a

reasonable belief regarding the remaining allegations in Paragraph 35, and therefore denies the same.

36. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 36 are inconsistent with the terms of the Policy, Sentinel denies them.

37. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 37 are inconsistent with the terms of the Policy, Sentinel denies them.

38. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 38 are inconsistent with the terms of the Policy, Sentinel denies them.

39. The terms and conditions of the Policy speak for themselves. To the extent the allegations in Paragraph 39 are inconsistent with the terms of the Policy, Sentinel denies them.

40. Sentinel admits that it received Plaintiff's claim for business interruption losses arising from the COVID-19 pandemic on or about March 18, 2020. Sentinel denies the remaining allegations in Paragraph 40.

41. Sentinel admits the allegations in Paragraph 41.

42. The allegations in Paragraph 42 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel denies that Plaintiff suffered a direct physical loss and denies the remaining allegations in Paragraph 42.

43. The allegations in Paragraph 43 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel admits that Plaintiff seeks a declaratory judgment, but denies the remaining allegations in Paragraph 43.

44. The allegations in Paragraph 44 contain legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 44.

The "Wherefore" clause and subparagraphs that follow contain a declarative description of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Sentinel denies the allegations. Sentinel denies that Plaintiff is entitled to any relief from Sentinel.

## SENTINEL'S AFFIRMATIVE DEFENSES

Sentinel asserts the following affirmative defenses and reserves all rights to amend or supplement these defenses when and if amended or additional defenses become appropriate and/or available in this action. The statement of any defense herein does not assume the burden of proof for any issue to which the applicable law places the burden of proof on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
(Virus-Exclusion)

Plaintiff alleges losses caused by a virus, and the Policy's 'Fungi', Wet Rot, Dry Rot, Bacteria and Virus exclusion ("Virus Exclusion") bars coverage for Plaintiff's claims. The Virus Exclusion provides:

> [Sentinel] will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss:
>
> (1) Presence, growth, proliferation, spread or any activity of "fungi", wet rot, dry rot, bacteria or virus.

Form SS 40 93 07 05 at 1. Plaintiff's alleged losses were caused directly or indirectly by the presence, growth, proliferation, spread or any activity of SARS-CoV-2, the novel coronavirus, which is a "virus" under the Virus Exclusion. Accordingly, Plaintiff's claims are barred by the application of the Virus Exclusion.

## SECOND AFFIRMATIVE DEFENSE
(Two or More Coverages)

The Policy contains a General Condition titled "If Two or More Coverages Apply" that provides that "If two or more coverages in this policy apply to the same loss or damage, we will not pay more than the actual amount of loss or damage."  Form SS 00 05 10 08 at 2.

In the event that two or more coverages of the Policy applies to the same loss or damage, Sentinel is not obligated to pay more than the actual amount of loss or damage.

## THIRD AFFIRMATIVE DEFENSE
(Other insurance)

The Policy contains a General Condition titled "Other Insurance" that provides as follows:

> **Other Insurance – Property Coverage**
>
> a. You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Form.  If you do, we will pay our share of the covered loss or damage.  Our share is the proportion that the applicable Limit of Insurance under this Coverage Form bears to the Limits of Insurance of all insurance covering on the same basis.
> b. If there is other insurance covering the same loss or damage, other than that described in 1. above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not.  But we will not pay more than the applicable Limit of Insurance.

Form SS 01 23 01 18 at 2.

Sentinel's coverage obligations are limited by the terms of the Other Insurance provision in the event that Plaintiff has other insurance that meets the criteria of the Other Insurance provision.

## FOURTH AFFIRMATIVE DEFENSE
(Conditions precedent and subsequent)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent that conditions precedent and subsequent to the availability of insurance coverage under the Policy have not been satisfied.

## FIFTH AFFIRMATIVE DEFENSE
(Offset)

Defendant's obligation to Plaintiff, if any, is subject to offset for recoveries by Plaintiff from other persons or entities, including, but not limited to, offset by other insurance or coverages.

## SIXTH AFFIRMATIVE DEFENSE
(Pollution Exclusion)

The Policy contains an exclusion titled "Pollution" ("Pollution Exclusion").  Form SS 00 07 07 05 at 17-18.  The Pollution Exclusion provides in relevant part:

> 2. We will not pay for physical loss or physical damage caused by or resulting from:
>
>> i. Pollution: We will not pay for loss or damage caused by or resulting from the discharge, dispersal, seepage, migration, release or escape of "pollutants and contaminants" unless the discharge, dispersal, seepage, migration, release or escape is itself caused by any of the "specified causes of loss." But if physical loss or physical damage by the "specified causes of loss" results, we will pay for the resulting physical loss or physical damage caused by the "specified cause of loss."

"Pollutants and Contaminants" are defined as:

any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals and waste, or any other material which causes or threatens to cause physical loss, physical damage, impurity to property, unwholesomeness, undesirability, loss of marketability, loss of use of property, or which threatens human health or welfare. Waste includes materials to be recycled, reconditioned or reclaimed.

Form SS 00 07 07 05 at 25.

Plaintiff alleged losses were caused directly or indirectly by SARS-CoV-2, the novel coronavirus. Plaintiff's claims may be barred or limited, in whole or in part, to the extent that the loss or damage alleged is excluded by the Pollution exclusion because the coronavirus falls within the definition of a pollutant and contaminant; because Plaintiff's alleged losses were not caused by a "specified cause of loss"; and because Plaintiff's alleged loss does not involve "physical loss" or "physical damage".

SEVENTH AFFIRMATIVE DEFENSE
(Consequential Losses Exclusion)

The Policy contains an exclusion titled "Consequential Losses." Form SS 00 07 07 05 at 17. The Consequential Losses Exclusion provides in relevant part:

> 2. We will not pay for physical loss or physical damage caused by or resulting from:
>
> **a. Consequential Losses:** Delay, loss of use or loss of market.

Plaintiffs' claims may be barred or limited, in whole or in part, to the extent that the alleged loss or damages result from delay, loss of use, or loss of market.

EIGHTH AFFIRMATIVE DEFENSE
(Acts or Decisions-Exclusion)

The Policy contains an exclusion titled "Acts or Decisions." Form SS 00 07 07 05 at 18. The Acts or Decisions Exclusion provides in relevant part:

> We will not pay for loss or damage caused by or resulting from any of the following. But if physical loss or physical damage by a Covered Cause of Loss results, we will pay for that resulting physical loss or physical damage.
>
> ….

> b. **Acts or Decisions:** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

Plaintiff's alleged losses were caused directly or indirectly by:

a. the acts or decisions of Plaintiff and/or state or local governments, and/or agents thereof, to suspend, curtail or otherwise limit business operations on Plaintiff's Covered Property; and

b. acts or decisions of Plaintiff and/or state or local governments relating to the resumption of business operations.

Accordingly, Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Acts or Decisions exclusion.

## NINTH AFFIRMATIVE DEFENSE
(Failure to mitigate)

Plaintiff's claims may be barred or limited, in whole or in part, to the extent that Plaintiff failed to mitigate damages, if any. Plaintiff's failure to mitigate damages would include, but not limited to:

a. the acts or decisions of Plaintiff and/or agents thereof, to suspend, curtail or otherwise limit business operations on Plaintiff's Covered Property; and

b. acts or decisions of Plaintiff relating to the resumption of business operations.

To the extent Plaintiff failed to take reasonable steps to mitigate Plaintiff's alleged damages, if any, Plaintiff should be denied any recovery in this action.

Dated this 12th day of November 2020.

        Respectfully submitted,

        BUTLER WEIHMULLER KATZ CRAIG LLP

        */s/*    *Troy J. Seibert*
        **Troy J. Seibert, Esq.**
        Florida Bar No.:  84668
        Email:  tseibert@butler.legal
        400 North Ashley Drive, Suite 2300
        Tampa, FL  33602
        Telephone:  (813) 594-5811

        Caitlin R. Tharp
        STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, NW
        Washington, DC 20036
        Phone: 202-429-1391
        Email: ctharp@steptoe.com
        *Admitted pro hac vice*

        *Attorneys for Defendant, Hartford Casualty Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been furnished to:

    Imran Malik
    Malik Law P.A.
    1061 Maitland Center Commons Blvd.
    Maitland, FL 32751
    Email: pleadings@maliklaw.com
    Attorney for Plaintiff

by CM/ECF on November 12, 2020.

        */s/*    *Troy J. Seibert*
        **Troy J. Seibert, Esq.**