UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UROGYNECOLOGY SPECIALIST OF
FLORIDA LLC,

      **Plaintiff,**

v.                                               Case No:   6:20-cv-1174-Orl-22EJK

SENTINEL INSURANCE COMPANY,
LTD.,

      **Defendant.**
_____/

## ORDER

On November 3, 2020, the Court *sua sponte* revoked the *pro hac vice* admissions of attorneys Sarah D. Gordon and John J. Kavanagh based on their misrepresentations to the Court, made in a separate case,[1] regarding the number of appearances they had made in Florida courts over the prior 365 days. (Doc. 34.) Ms. Gordon and Mr. Kavanagh now request that the Court reconsider its Order. (Doc. 35.)

**I.   LEGAL STANDARD**

A Court may reconsider a previous order if there is a change in controlling law, new evidence becomes available, or there is a need to correct clear error or to prevent manifest injustice. *See Williams v. United States,* No. 8:11-cv-158-T-24-TBM, 2011 WL 839371, at *1 (M.D. Fla. Mar. 7, 2011) (citing *Sussman v. Salem, Saxon, & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). A court "will not reconsider a previous ruling when the party's motion fails to raise new issues, and, instead, only relitigates what has already been found lacking." *Lamar Advert. of*

---

[1] *Croton Chiropractic Clinic, P.A. Health Source v. Twin City Fire Ins. Co.*, Case No. 6:20-cv-1701, slip op. at 2 (M.D. Fla. Nov. 2, 2020).

*Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 488 (M.D. Fla. 1999). "Moreover, while the trial court is vested with substantial discretion in granting such relief, reconsideration is an extraordinary remedy, which is to be used sparingly." *Kidwell v. Charlotte Cty. Sch. Bd.*, No. 2:07-cv-13-FtM-34SPC, 2007 WL 9718741, at *3 (M.D. Fla. Nov. 30, 2007). "Thus, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Dalton v. FMA Enter., Inc.*, No. 95-396-CIV-FTM-17D, 1996 WL 684441, at *2 (M.D. Fla. Nov. 25, 1996).

## II.   DISCUSSION

Ms. Gordon and Mr. Kavanagh make three arguments in favor of their reinstatement. (Doc. 35 at 5.) The first is that, by revoking their admissions, the Court has deprived their client of its chosen counsel. (*Id.* at 5–7.) However, this argument presumes that a party is free to choose any attorney it wishes. That is not so. The Florida Bar regulates who may or may not practice in the state, and this Court has adopted the Florida Bar's rules regarding the regular practice of law in Florida. *See* Local Rule 2.02. These rules would be pointless if a party could simply say, "Never mind the rules. This is my chosen attorney." Moreover, the Order does not preclude other attorneys at Steptoe & Johnson from representing Defendant, if they meet the requirements set forth in Local Rule 2.02.

Second, the attorneys emphasize that their mistake was unintentional. (*Id.* at 9–10.) The Court previously acknowledged their position: "The Court will accept the attorneys' averments that their misrepresentations were unintentional. But at the very least, the misrepresentations evince a reckless disregard of the Court's rules and militate against the attorneys' admission to practice before this Court." *Croton Chiropractic Clinic,*, Case No. 6:20-cv-1701, slip op. at 3. Therefore, this argument does not justify a change in outcome.

Finally, the attorneys correctly note that their applications for admission *pro hac vice* in *this* case did not violate Local Rule 2.02 because they had not yet made the other appearances that led to the violations in Case No. 6:20-cv-1701. (Doc. 35 at 11.) But, as explained in my prior Order, I found that the violations called into question whether they should practice before the Court in this case, and I initially determined that the answer was no. (Doc. 34 at 2.) The Court expects attorneys to follow its rules—and those of the Florida Bar—even after they have been admitted. The Florida Bar's prohibition on the maintenance of a general practice within the state by an unlicensed attorney does not go away once an admission *pro hac vice* has been granted. At the very least, the attorneys should have notified the Court that they were no longer in compliance with the Florida Bar's rules, and they did not.

Nevertheless, since there was no affirmative misrepresentation in this case and the Order was entered *sua sponte*, without affording the attorneys an opportunity to present arguments as to why their admissions in this case should not be revoked, the undersigned will reconsider the decision. Upon reconsideration, the Court will accept Ms. Gordon's and Mr. Kavanagh's averments that they "will both prospectively and retroactively notify every Florida court in which they appear of every Florida case, state or federal, in which they appear" (Doc. 35 at 10), and reinstate their admissions *pro hac vice* . However, any future violations of Local Rule 2.02 may result in sanctions.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Unopposed Motion to Reconsider the Revocation of Steptoe & Johnson LLP Attorneys' Admissions *Pro Hac Vice* (the "Motion") (Doc. 35) is **GRANTED**. The *pro hac vice* admissions of Sarah D. Gordon and John J. Kavanagh are hereby **REINSTATED.**

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties